NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001475
20-NOV-2013
09:50 AM**

NO. CAAP-13-0001475

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NORIKO DAVIS, Plaintiff-Appellee
v.
MARIE MINICHINO, Defendant-Appellant,
and,
MARK ACKRICH, MAUI COAST PROPERTIES, and OLD REPUBLIC TITLE,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0781)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Upon consideration of the Motion to Dismiss by Plaintiff/Counterclaim Defendant-Appellee Noriko Hosoda, filed on November 12, 2013, and the files herein, it appears that we lack jurisdiction over the appeal by Defendant/Cross Claim Defendant-Appellant Marie Minichino (Appellant).

The Notice of Appeal filed on June 17, 2013 by Appellant did not specify which orders or judgment she appeals from, and the record on appeal contains no appealable final judgment or order.

Presumably, Appellant appeals from the only orders entered by the circuit court in this case: (1) the Order Granting Plaintiff Noriko Hosoda's Motion for Default Judgment Against

Defendant Marie Minichino, Filed January 25, 2013, filed on April 24, 2013, (2) Order Granting Defendant Mark Ackrich's Motion for Default Judgment Against Defendant Marie Minichino, Filed 03/27/2013, filed on April 26, 2013, (3) Order Granting Defendant Mark Ackirch's Motion for partial Dismissal of Defendant Marie Minichino's Amended Countercomplaint (Breach of Contract, Misrepresentation, Fraud, Slander and Damages), Filed 3/22/2013, filed on April 26, 2013, and (4) Stipulation to Deposit Escrow Proceeds and Dismissal With Prejudice and Order, filed on June 10, 2013.

HRS § 641-1 authorizes appeals to the intermediate court of appeals only from "<u>final</u> judgments, orders, or decrees[.]" HRS § 641-1(a) (emphasis added). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c).

Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i held "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

There is no separate judgment in the record on appeal regarding any of the orders issued or approved by the circuit court or a judgment that resolves all claims against all parties. Therefore, this court lacks appellate jurisdiction over the appeal.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction. The Motion to Dismiss is denied as moot.

DATED: Honolulu, Hawai'i, November 20, 2013.

Chief Judge

Associate Judge

Associate Judge